# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

BONITA MAE MILLER,
Plaintiff,

vs.

RANDY QUISENBERRY, et al.,
Defendants.

Case No. 1:19-cv-44
McFarland, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Proceeding pro se, plaintiff Bonita Mae Miller brings this employment discrimination action against defendants Randy Quisenberry, Beverly Montgomery, Latricia Long, and the Council on Aging of Southwestern Ohio. This matter is before the Court on defendants' combined motion to dismiss under Fed. R. Civ. P. 12(b)(6) (Doc. 8), plaintiff's response in opposition (Doc. 11), and defendants' reply memorandum (Doc. 12).

## I. Background Facts

Plaintiff is a registered nurse and received her long-term service provider certification from the Ohio Department of Aging in November 2016. (Complaint, Doc. 4 at 2). Through the certification program, plaintiff was assigned to the Council on Aging of Southwestern Ohio, which is a program that provides nursing services to individuals. (*Id.*). Plaintiff signed a contract and enrolled in the Council on Aging's program at some time between September 2016 and November 2016. (*Id.* at 3). Plaintiff signed another contract in June 2018. (*Id.*). Plaintiff alleges that for over two years, she was "strung along," did not receive any consumer referrals, and was lied to by defendant Long, who was the business relations partner. (*Id.*). Plaintiff alleges that defendant Montgomery was "very passive during the entire process." (*Id.*). Plaintiff alleges that defendant Long was the individual who "block[ed] [her] efforts to proceed through the program." (*Id.*). Plaintiff alleges that defendant Quisenberry seemed to support defendant

Long. (*Id.*). Plaintiff subsequently reported this behavior to Mindy Sadler of the Ohio Department of Aging. (*Id.*).

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against the Council on Aging of Southwestern of Ohio on December 13, 2018, alleging age discrimination. (Doc. 4-1 at 2). Specifically, the charge states:

> I. I am 77 years old. I signed a contractual two-year agreement with the Department of Council on Aging. I am a highly skilled Nurse that is certified to provide in home long term services to consumers. To date, I have not received referrals to provide services. On February 28, 2018, Randy Quisenberry (Agency Director), stated there are no consumers who come to the Council on Aging that could use a licensed nurse and there never will be. I believe Mr. Quisenberry provided inaccurate information and that there is evidence to suggest otherwise.
>
> II. The Department of Council on Aging is responsible for the above discriminatory actions.
>
> III. I believe that I have been discriminated against in violation of the Age Discrimination in Employment Act of 1967, as amended.
>
> IV. This charge has not been dual filed with the Ohio Civil Rights Commission.

(*Id.*). On December 14, 2018, the EEOC mailed plaintiff a notice of her right to sue within 90 days. (*Id.* at 1). Plaintiff was granted leave to proceed *in forma pauperis* and filed her complaint in this Court on January 28, 2019. (Docs. 3, 4).

## II. Motion to Dismiss (Doc. 8)

### A. Standard

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is

entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must hold pro se pleadings to less stringent standards than those prepared by attorneys and must liberally construe them when determining whether they fail to state a claim. *See, e.g., Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). However, the Sixth Circuit has recognized that the Supreme Court's liberal construction case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

**B. Resolution**

Defendants move to dismiss plaintiff's complaint in its entirety for three reasons. First, defendants argue that plaintiff's complaint asserts a violation of Title VII of the Civil Rights Act of 1964, but her underlying EEOC charge solely alleges age discrimination under the ADEA. (Doc. 8 at 1). Second, defendants argue that plaintiff's complaint fails to state a claim for relief under either Title VII or the ADEA. (*Id.* at 2). Third, defendants argue that plaintiff's complaint improperly pursues claims against individual defendants Quisenberry, Montgomery, and Long, each of whom was performing within the scope of his or her employment and none of whom was identified as an "employer" in plaintiff's underlying EEOC charge. (*Id.*).

**1. Any purported Title VII claims should be dismissed.**

Defendants move to dismiss plaintiff's purported Title VII claims. (Doc. 8 at 9). Defendants argue that plaintiff's complaint, which cites to 42 U.S.C. § 2000e-2(a)(1) and

3

describes unlawful discrimination based on "race, color, religion, sex, or national origin," purports to bring claims under Title VII. (*Id.*). Defendants argue that plaintiff has failed to exhaust her administrative remedies on any purported Title VII claims because her charge of discrimination filed with the EEOC only listed age discrimination. (*Id.* at 9-10).

Exhaustion of administrative remedies is a precondition to filing a Title VII or ADEA lawsuit. *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008); *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 401 (6th Cir. 2008). In the Sixth Circuit, a plaintiff must exhaust her administrative remedies by alleging sufficient facts in an EEOC complaint to put the EEOC on notice of the claim, regardless of whether or not the plaintiff checked the appropriate box on the EEOC's charge of discrimination form. *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004). Here, plaintiff's EEOC charge only alleges discrimination on the basis of age. (Doc. 4-1 at 2). The facts in the charge describe age discrimination and plaintiff checked the box indicating she was filing a charge of discrimination based on age. In addition, plaintiff admits that her charge is exclusively for age discrimination. (Doc. 11 at 5). Plaintiff explains that she did not intend to bring any claims of race, color, religion, sex, or national origin, and she only seeks to bring an age discrimination claim. (*Id.* at 6). Accordingly, because plaintiff did not exhaust her administrative remedies on any purported Title VII claims and does not seek to bring such claims, any purported Title VII claims should be dismissed.

### 2. Plaintiff's ADEA claims should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief.

Defendants argue that plaintiff's complaint fails to include any factual allegations to state her prima facie case of age discrimination. (Doc. 11 at 12). Defendants argue that there is no employer-employee relationship between the Council on Aging and plaintiff. (*Id.* at 11). Defendants argue that the contract referenced by plaintiff establishes her role as an independent

4

service provider. (*Id.*). Defendants also argue that plaintiff has failed to allege that she suffered an adverse employment action. (*Id.*). Defendants contend that plaintiff did not receive any referrals in nearly four years of participation in the program, nor does she allege that others did receive referrals or that she was denied referrals. (*Id.* at 12). Defendants also argue that plaintiff's ADEA claims against defendants Quisenberry, Montgomery, and Long should be dismissed because the ADEA does not provide a cause of action against individuals. (*Id.* at 13).

The ADEA makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C § 623(a)(1). To prove her prima facie case of age discrimination under the ADEA, a plaintiff must establish that: (1) she was over 40 years old; (2) she suffered an adverse employment action; (3) she was qualified for the position she held; and (4) she was treated differently than similarly-situated individuals. *House v. Rexam Beverage Can Co.*, 630 F. App'x 461, 464 (6th Cir. 2015). Although a plaintiff need not plead detailed factual allegations of her prima facie case, she must allege sufficient "'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that a defendant discriminated against plaintiff because of her age. *Keys*, 684 F.3d at 610.

As an initial matter, plaintiff's ADEA claims against defendants Quisenberry, Montgomery, and Long should be dismissed. Liability under the ADEA only extends to employers, and claims against individuals under the ADEA are not cognizable as a matter of law. *O'Malley v. NaphCare, Inc.*, No. 3:12-cv-326, 2014 WL 806381, at *11 (S.D. Ohio Feb. 28, 2014). *See also Hiler v. Brown*, 177 F.3d 542, 546 n.5 (6th Cir. 1999) (recognizing that the ADEA and other federal employment discrimination statutes borrowed the definition of

5

"employer" from Title VII and therefore do not impose individual liability); *Sirmans v. Fifth Third Bank*, No. 1:16-cv-899, 2017 WL 2304026, at *2 (S.D. Ohio May 4, 2017) (Report and Recommendation) (collecting cases standing for the same proposition), *adopted*, 2017 WL 2289387 (S.D. Ohio May 25, 2017).

Plaintiff's remaining ADEA claim against defendant Council on Aging of Southwestern of Ohio fails to state a claim for relief because plaintiff has not sufficiently alleged the existence of an employer-employee relationship. A plaintiff bringing suit under the ADEA must allege facts to allow a Court to infer that a defendant is the plaintiff's "employer" and that an employment relationship existed between the plaintiff and defendant. The ADEA defines "employer" as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C § 630(a)(1). The Sixth Circuit has held that the federal employment discrimination statutes protect employees but not independent contractors. *Shah v. Deaconess Hosp.*, 355 F.3d 496, 499 (6th Cir. 2004).

In their motion to dismiss, defendants attach the "passport provider agreement" and "business associate agreement" signed by plaintiff and referred to by plaintiff in the complaint.[1] (Doc. 8-1). Defendants argue that this contract details plaintiff's role as an independent service provider. (Doc. 8 at 11). The "business associate agreement" is a contract between plaintiff and the Council on Aging of Southwestern Ohio. (Doc. 8-1 at 13). It provides that the relationship between plaintiff, as the business associate, and the Council on Aging of Southwestern Ohio, as

---

[1] In ruling on a motion to dismiss, the Court can consider "exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant[s'] motion to dismiss, so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). *See also Mediacom Southeast LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 399 (6th Cir. 2012).

6

the covered entity, is "solely a contractual relationship and nothing in the Services Arrangement or this Agreement shall be interpreted as creating an agency relationship with the Business Associate under Federal common law." (*Id.* at 14). However, a contract or agreement is one factor in determining whether a hired party is an independent contractor or an employee. *Varner v. APG Media of Ohio, LLC*, No. 2:18-cv-706, 2019 WL 145542, at *3 (S.D. Ohio Jan. 9, 2019). Courts must also consider other factors, including:

> the hiring party's right to control the manner and means by which the product is accomplished; the skill required by the hired party; the duration of the relationship between the parties; the hiring party's right to assign additional projects; the hired party's discretion over when and how to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the hiring party's regular business; the hired party's employee benefits; and tax treatment of the hired party's compensation.

(*Id.*) (quoting *Shah*, 355 F.3d at 499).

Plaintiff's complaint alleges that she was a long-term service provider with a certification through the Ohio Department of Aging. (Doc. 4 at 2). Plaintiff alleges that through this certification program, she signed nursing services contracts with the Council on Aging of Southwestern Ohio in 2016 and 2018. (*Id.* at 3). Plaintiff has not alleged any additional facts in her complaint from which the Court can reasonably infer she maintained an employer-employee relationship with the Council on Aging of Southwestern Ohio. *Cf. Varner*, 2019 WL 145542, at *3 (denying motion to dismiss on the basis that plaintiff sufficiently pleaded facts that, taken as true, "form the basis from which a reasonable inference may be made that he was an employee."). Indeed, in her response in opposition to defendants' motion to dismiss, plaintiff concedes that she "never expected the [Passport Provider] agreement to create an employer/employee relationship. I am independent status." (Doc. 11 at 5). Thus, the allegations in plaintiff's complaint are insufficient to allege the existence of an employer-employee

7

relationship between plaintiff and the Council on Aging of Southwestern Ohio. *See Dixon v. Ford Motor Co.*, No. 2:16-cv-14124, 2017 WL 6988798, at *5 (E.D. Mich. Dec. 15, 2017) (Report and Recommendation) (holding that plaintiff could not state a viable Title VII claim because she did not allege she was an employee of the defendant and conceded that she was an independent contractor), *adopted*, 2018 WL 453917 (E.D. Mich. Jan. 17, 2018).

Even if plaintiff did sufficiently allege the existence of an employer-employee relationship with the Council on Aging of Southwestern Ohio, she has failed to allege specific facts to allow the Court to draw a reasonable inference that she was discriminated against based on her age. *Keys*, 684 F.3d at 610. Plaintiff has not alleged facts creating a plausible inference that she was treated differently than similarly-situated service providers outside of her protected class or that her age played any role in the Council on Aging of Southwestern Ohio's actions. Accordingly, plaintiff's ADEA claims against the Council on Aging of Southwestern Ohio should also be dismissed.

### III. Conclusion

Based on the foregoing, it is **RECOMMENDED** that:

1. Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 8) be **GRANTED** in its entirety and this case is **CLOSED** on the docket of this Court.

Date: 1/23/2020

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BONITA MAE MILLER,
Plaintiff,

vs.

RANDY QUISENBERRY, et al.,
Defendants.

Case No: 1:19-cv-44
McFarland, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).